UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARK THACKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00662-JMS-CSW |
| | ) | |
| YOLANDA CHAMBERS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
DIRECTING FINAL JUDGMENT**

Plaintiff Mark Thacker, who in incarcerated at Pendleton Correctional Facility ("PCF"),
alleges in this lawsuit that Defendant Yolanda Chambers violated his constitutional right to equal
protection by intentionally returning stimulus check intended for him to the IRS. Defendant
Chambers has moved for summary judgment. Dkt. [57]. For the reasons below, that motion is
**granted**.

**I.**
**Standard of Review**

A motion for summary judgment asks the Court to find that a trial is unnecessary because
there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment
as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment,
the Court views the record and draws all reasonable inferences from it in the light most favorable
to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir.
2021). It cannot weigh evidence or make credibility determinations on summary judgment because
those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A
court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need

not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

## II.
### Factual Background

Because Ms. Chambers has moved for summary judgment under Rule 56(a), the Court views and recites the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Khungar*, 985 F.3d at 572–73.

### A.  The Parties

Mr. Thacker is an Indiana Department of Correction ("IDOC") inmate who has been housed at PCF since 1997. Dkt. 58-1 at 12 (Thacker Deposition).

Ms. Chambers is a Clerical Assistant at PCF and has been employed by the IDOC for 29 years. Dkt. 58-1 at 1. During the relevant time, she was also the mail room supervisor at PCF. *Id.* In that role, she was responsible for processing all checks that came to the facility by mail, including IRS stimulus checks. *Id.*

## B.  Stimulus Checks

On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") was signed into law to provide economic relief to Americans affected by the COVID-19 pandemic. Pub. L. No. 116-136, 134 Stat. 281 (2020). Among other things, the CARES Act included an economic impact payment ("EIP")[1]. 26 U.S.C. § 6428(a). While inmates were initially not eligible for EIPs, in October 2020, the United States District Court for the Northern District of California granted summary judgment in favor of a class of incarcerated individuals who challenged the IRS's agency action in deciding that inmates did not qualify for EIPs. *Scholl, et al. v. Mnuchin, et al.*, 494 F. Supp. 3d 661, 689 (N.D. Cal. Oct. 14, 2020). The court issued a permanent injunction and ordered that the IRS reissue stimulus checks that were "withheld, intercepted, or returned on the sole basis of [the taxpayer's] incarcerated status." *Id.* at 693.

## C.  IRS Filings and Mailing Checks

Mr. Thacker first learned he was entitled to stimulus checks in October 2020. Dkt. 58-1 at 17. However, due to an unknown issue, "everyone had to file again in 2021" and Mr. Thacker had a family member electronically file for him in February 2021. *Id.* at 17-18. When he did not receive any further information, he also filed a paper 1040 form himself on April 19, 2021. *Id.* at 18-19. He included his name, DOC number, and birth date on that form. *Id.* at 18. Mr. Thacker also completed a required verification process with the assistance of PCF staff member Aaron Smith. *Id.* at 21. He still did not receive any checks, so he called a 1-800 number for the IRS several times in May, September, and November. *Id.* at 19-20.

---

[1] These payments were also commonly referred to as "stimulus checks." The Court refers to these payments interchangeably as "EIPs" and "stimulus checks."

On September 10, 2021, when Mr. Thacker called the number, he spoke with Timothy Kelly. *Id.* at 22. Mr. Kelly confirmed that Mr. Thacker's identity had been verified in May 2021, and informed him that the $1,400 and $1,800 checks had both been returned. *Id.* at 22-23. Mr. Kelly reissued the $1,400 check, but informed Mr. Thacker it had been too long to reissue the $1,800 check and directed Mr. Thacker to refile for that check. *Id.* at 23. He also confirmed all of Mr. Thacker's information was correct. *Id.* at 25.

Mr. Thacker submitted multiple request forms to Ms. Chambers regarding the missing checks. *Id.* at 28. They have never met, nor have they communicated before the events at issue here. Dkt. 58-1 at 3, dkt. 58-2 at 24. Ms. Chambers responded to Mr. Thacker's requests in writing, stating that she did not keep a record of return to sender mail and that she only returned mail if there was no way to distinguish who it was intended for, such as if the name was spelled incorrectly, the DOC number was incorrect, there were multiple names, or if multiple offenders had the same name and no additional information was provided. Dkt. 58-1 at 2, dkt. 58-2 at 28. When returning IRS checks, Ms. Chambers stamped the envelope "return to sender" and wrote on the envelope the reason it was being returned. Dkt. 58-1 at 2. She did this because she "was informed that the PCF business office could not process IRS checks if the name or DOC number were incorrect in any way." *Id.* Mr. Thacker eventually received his $1,400 stimulus check on September 29, 2021, and his $1,800 check on May 9, 2022. Dkt. 58-2 at 25, 34.

### III.
### Discussion

"The Equal Protection Clause of the Fourteenth Amendment prohibits intentional and arbitrary discrimination." *Dunnet Bay Const. Co. v. Borggren*, 799 F.3d 676, 696 (7th Cir. 2015). Mr. Thacker is proceeding under a "class-of-one" theory because he has alleged "that [he] was singled out arbitrarily, without rational basis, for unfair treatment." *Abcarian v. McDonald*, 617

F.3d 931, 938 (7th Cir. 2014). To succeed on a class-of-one claim, Mr. Thacker "must present a set of facts that plausibly depict official action utterly unsupported by a rational basis." *Frederickson v. Landeros*, 943 F.3d 1054, 1060 (7th Cir. 2019). "[C]lass-of-one claims can be brought based on allegations of the irrational or malicious application of law enforcement powers." *Geinosky v. City of Chicago*, 675 F.3d 743, 747 (7th Cir. 2012). The plaintiff must show that he "'has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Frederickson*, 942 F.3d at 1060 (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).

Mr. Thacker alleges that Ms. Chambers intentionally treated him differently than other incarcerated individuals eligible for EIPs when she returned his stimulus checks to the IRS. It is undisputed that the stimulus checks initially sent to Mr. Thacker were returned and he did not receive his stimulus checks until September 2021 and May 2022. It is also undisputed that Ms. Chambers was responsible for processing stimulus checks at PCF at this time. Thus, it appears from the undisputed evidence that Ms. Chambers did return the first checks sent to Mr. Thacker. But Ms. Chambers has explained the mail processing procedure in place at the time, which included rational, non-arbitrary reasons, for returning mail to the sender, including if the name was spelled incorrectly, the DOC number was incorrect, there were multiple names, or if multiple inmates had the same name and no additional information was provided. Dkt. 58-1 at 2.

Mr. Thacker has not designated any evidence from which a reasonable jury could conclude that Ms. Chambers returned his stimulus checks arbitrarily or for intentionally discriminatory reasons, rather than for the rational reasons she has provided to explain why mail may be returned. Indeed, there is no evidence that Ms. Chambers had any animosity toward, or any relation at all with, Mr. Thacker at the time the checks were returned. Mr. Thacker testified that he has never

met Ms. Chambers, and Ms. Chambers attests that she did not have any knowledge of who Mr. Thacker was before he filed grievances related to his missing checks. Dk. 58-1 at 3, 58-2 at 24.Because Mr. Thacker has designated no evidence of any relationship with Ms. Chambers at the time his stimulus checks were returned, his contention that, simply because his stimulus checks were returned to the IRS from the PCF mailroom at the time she was responsible for processing checks, Ms. Chambers must have intentionally or arbitrarily singled him out for different treatment is purely speculative. *See White v. City of Chicago*, 829 F.3d 837, 841 (7th Cir. 2016) (non-movant receives the "benefit of reasonable inferences from the evidence, but not speculative inferences in his favor") (cleaned up); *Daugherty v. Page*, 906 F.3d 606, 611 (7th Cir. 2018) ("[C]onclusory statements not grounded in specific facts are not enough") (citation omitted). Because no reasonable jury could conclude that Ms. Chambers violated Mr. Thacker's equal protection rights, she is entitled to summary judgment.

## IV.
## Conclusion

For the foregoing reasons, Defendant's motion for summary judgment, dkt. [57], is **granted**. Final judgment will issue in a separate entry.

**IT IS SO ORDERED.**

Date: 5/21/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

MARK THACKER
974152
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All Electronically Registered Counsel